# EXHIBIT E

IN THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS,
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MARY SHEPARD, and ILLINOIS STATE ) <br> RIFLE ASSOCIATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LISA MADIGAN, Attorney General of the ) <br> State of Illinois, PATRICK J. QUINN, ) <br> Governor, TYLER EDMONDS, Union ) <br> County State's Attorney, DAVID LIVESAY, ) <br> Union County Sheriff, ) <br> ) <br> Defendants. ) | No. 11 C 405-WDS-PMF <br><br><br> The Honorable <br> William D. Stiehl, <br> Judge Presiding. |

**MOTION TO DISMISS AS MOOT**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the state defendants move to dismiss this case for lack of subject matter jurisdiction because the complaint no longer presents a live case or controversy and, therefore, is moot.

In support of this motion, defendants state as follows:

1.      Plaintiffs filed a complaint alleging that subsections 720 ILCS 5/24-1(a)(4) & (10) (2010) and 720 ILCS 5/24-1.6 (2010), which prohibited most people from carrying loaded handguns for self-defense in public, violated plaintiffs' Second Amendment rights.  Doc. 2.  This Court granted defendants' motion to dismiss for failure to state a claim.  Doc. 57.

2. On December 11, 2012, the Seventh Circuit reversed, holding that the challenged subsections violated the Second Amendment. *See Moore v. Madigan*, 702 F.3d 933, 942 (7th Cir. 2012). The Court concluded that the Second Amendment includes a right to carry a handgun for self-defense outside the home, and that defendants failed to provide "more than merely a rational basis for believing that [Illinois's] uniquely sweeping ban is justified by an increase in public safety." *Id.* The majority emphasized that "[a] blanket prohibition on carrying gun[s] in public prevents a person from defending himself anywhere except inside his home; and so substantial a curtailment of the right of armed self-defense requires a greater showing of justification than merely that the public might benefit on balance from such a curtailment[.]" *Id.* at 940. The court stayed its mandate for 180 days (until June 9, 2013) to afford the Illinois General Assembly time to enact a new statute. *Id.* at 942. On February 22, 2013, the Seventh Circuit denied defendants' petition for rehearing en banc. *See* 708 F.3d 901 (7th Cir. 2013). And on June 4, 2013, the Seventh Circuit granted defendants' motion to further stay the issuance of its mandate to July 9, 2013.

3. Meanwhile, on May 31, 2013, both Houses of the Illinois General Assembly passed a new Act to regulate the carrying of firearms in public. Firearm Concealed Carry Act; HB 0183, 98th G.A. (Ill.).[1] The Act eliminates the "blanket prohibition on carrying gun[s] in public" that plaintiffs challenge, and that the

---

[1] *Available at* http://ilga.gov/legislation/default.asp (last visited July 9, 2013).

Seventh Circuit held unconstitutional. Instead, the new Act provides that the Department of State Police "shall issue a license to carry a concealed firearm" to applicants who satisfy the statutory requirements. HB 0183 § 10(a). In so doing, the Act addresses all three subsections that plaintiffs challenged in their complaint. Specifically, the Act provides that subsections 24-1(a)(4) and 24-1(a)(10) "do not apply to or affect any [permit license holders] carrying a concealed pistol, revolver, or handgun," and 24-1.6 is likewise amended to permit license holders to carry a pistol, revolver, or handgun in public. HB 0183 § 155.

4.     On July 2, 2013, the Illinois Governor amendatorily vetoed the Act. On July 9, 2013, the General Assembly voted to override the veto and the Act became law.

5.     When a statute is enacted or amended while litigation is pending and the new legislation corrects the features of the prior law that plaintiffs challenge, the case becomes moot. *See Lewis v. Continental Bank*, 494 U.S. 472, 478 (1990) (amendment to statute removed complained of limitation such that complaint was moot). This principle is fully applicable where, as here, the new legislation eliminates the defects identified by the courts. *See Thomas v. Feidler*, 884 F.2d 990, 995 (7th Cir. 1989) ("Since each of these 'refinements' [suggested by the district court] was made by [the new legislation], this appeal was rendered moot."). "The fact the State has complied" with the court's judgment "with a new law means that there is no 'case or controversy' currently" pending. *Diffenderfer v. Central Baptist Church of Miami*, 404 U.S. 412, 414 (1972) (per curiam); *Kremens v. Bartley*, 431

U.S. 119, 128-129 (1977) ("The fact that the [new statute] was passed after the decision below does not save the named appellees' claims from mootness. There must be a live case or controversy before this Court, and we apply the law as it is now, not as it stood below."). "[R]epeal, expiration or significant amendment to challenged legislation ends the ongoing controversy and renders moot a plaintiff's request for injunctive relief." *Fed'n of Adver. Industry Representatives, Inc. v. City of Chicago*, F.3d 924, 930 (7th Cir. 2003); *see also Nat'l Black Police Assoc. v. Dist. of Columbia*, 108 F.3d 346, 349-50 (D.C. Cir. 1997).

6. The Firearm Concealed Carry Act removes the total prohibition on carrying loaded handguns for self defense that plaintiffs had challenged and resolves the constitutional defect identified by the Seventh Circuit. The new Act implements a procedure whereby plaintiffs may qualify to carry a concealed handgun in public for self-defense purposes.

7. Should these or other plaintiffs seek to challenge any aspect of the new Act, they must file a new complaint. *See, e.g.*, *Lewis*, 494 U.S. at 482.

8. Because this case is now moot, this Court should dismiss plaintiffs' complaint for lack of jurisdiction.

July 9, 2013

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By:   s/ Karl R. Triebel
KARL R. TRIEBEL, Bar # 6285222
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
PHONE: (312) 814-2391
FAX: (312) 814-5166
EMAIL: ktriebel@atg.state.il.us

## CERTIFICATE OF SERVICE

      I certify that on July 9, 2013, I electronically filed defendants' **Motion to Dismiss** with the Clerk of the United States District Court for the Southern District of Illinois using the CM/ECF system which will provide electronic notice to counsel:

William N Howard
Locke Lord LLP
111 South Wacker Drive
45th Floor
Chicago, IL 60606-4410
312-443-0333
Fax: 312-896-6433
Email: whoward@lockelord.com

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th Street, NW
Washington, DC 20004
202-637-5416
Fax: 202-637-5910
Email: jonathan.diesenhaus@hoganlovells.com

Charles J Cooper
Cooper & Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9660
Fax: 202-220-9661
Email: ccooper@cooperkirk.com

Bleyer & Bleyer
Generally Admitted
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
618-997-1331
Email: jableyer@bleyerlaw.com

      By:    s/ Karl R. Triebel
                  KARL R. TRIEBEL, Bar No. 6285222
                  Assistant Attorney General
                  100 West Randolph Street, 12th Floor
                  Chicago, Illinois 60601-3218
                  PHONE: (312) 814-2391
                  FAX: (312) 814-5166
                  E-MAIL: ktriebel@atg.state.il.us