# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) |
| Plaintiffs, | ) ) No. 3:11-cv-00405-WDS-PMF ) |
| v. | ) ) ) Honorable Judge William D. Stiehl |
| LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK J. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County, | ) Magistrate Judge Philip M. Frazier ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### PLAINTIFFS' MOTION FOR DECLARATION OF UNCONSTITUTIONALITY AND PRELIMINARY AND/OR PERMANENT INJUNCTION

Pursuant to the Seventh Circuit's mandate, Mary Shepard and the Illinois State Rifle Association ("Plaintiffs") move this Court to forthwith and no later than July 16, 2013 (i) declare the challenged laws barring the public carrying of firearms by law-abiding citizens unconstitutional, and (ii) enter a preliminary and/or permanent injunction barring said laws' enforcement against Ms. Shepard and members of the Illinois State Rifle Association for carrying firearms in a manner consistent with the limitations imposed by §65 of the Firearm Concealed Carry Act. In support of their motion, Plaintiffs state as follows:

1.  Seven months ago, on December 11, 2012, the Seventh Circuit held that Illinois's "flat ban on carrying ready-to-use guns outside the home" categorically violates the fundamental

1

Second Amendment right to bear arms. *Moore v. Madigan*, 702 F.3d 933, 940 (7th Cir. 2012). That ban constitutes "a fixed harm" to the constitutional rights of the law-abiding residents of Illinois and inflicts upon them irreparable harm "every day it remains on the books." *Ezell v. City of Chicago*, 651 F.3d 684, 698, 699 (7th Cir. 2011).

2. The Seventh Circuit thus reversed this Court's order dismissing Plaintiffs' challenge to the carry ban and remanded "for the entry of declarations of unconstitutionality and permanent injunctions." *Moore,* 702 F.3d at 942.

3. The Court stayed its mandate for 180 days to allow Illinois to craft a new law regulating the public carrying of firearms that would comport with the Second Amendment as construed by that Court. *Id.*

4. Given the opportunity (and ample time) to act promptly to remedy its violation of the Constitution, the State of Illinois instead procrastinated. When the Seventh Circuit's six-month stay was about to expire, the State petitioned the Court to extend the State's license to inflict irreparable injury on Ms. Shepard and Illinois State Rifle Association members for another thirty days. The Seventh Circuit extended the stay of its mandate for an additional month (to July 9, 2013), but simultaneously notified the State that "[n]o further extensions to stay the court's mandate will be granted." Order of the United States Court of Appeals for the Seventh Circuit (Doc. No. 76) at 2. Accordingly, the Seventh Circuit issued its mandate on July 9, 2013.

5. Also on July 9, the State of Illinois has enacted its bill. *See* Firearm Concealed Carry Act, Public Act 098-0063 (Ill.) ("the Act"), *available at* http://ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf. The Firearm Concealed Carry Act does not repeal the State's carry ban; rather, it amends Illinois law to provide that the existing

statutory ban on the public carrying of firearms shall not apply to an individual who has been issued a license under the Act. *See* § 155 of the Act.

6.  The infringement of Ms. Shepard's and Illinois State Rifle Association members' rights continue, however, because the Firearm Concealed Carry Act also provides that the State Police shall have another 180 days after enactment to make license forms available to the public. *Id.* § 10(d). Once these forms are finally made available and are filled out by Ms. Shepard and other citizens and filed with the State, the State Police will then have yet another 90 days to review those completed applications. *Id.* § 10(e).

7.  Indeed, the Illinois State Police has confirmed that it "will continue to enforce the law in effect after July 9," and that under that law "citizens cannot lawfully carry concealed weapons without a valid Concealed Carry License. Citizens who carry loaded firearms without a Conceal Carry License issued by the Illinois State Police are subject to arrest." Concealed Carry Frequently Asked Questions, at http://www.isp.state.il.us/firearms/ccw/ccw-faq.cfm. Carry license applications, however, are not yet available, because "[t]he ISP has 180 days to make applications available to the public." *Id.*

8.  In sum, "Illinois State Police officials have 180 days—roughly six months—to create an application process. Once they begin accepting applications, [state police spokeswoman Monique] Bond said it will take them about 90 days to process and screen the first round of applications and begin issuing permits. *Until then, the ban on concealed carry will remain officially in effect.*" David Heinzmann et al., *How Gun Law Works; Concealed Carry Permits Likely Won't Be Issued Until Next Year*, CHICAGO TRIBUNE, July 9, 2013 (emphasis added), available at http://www.chicagotribune.com/news/local/ct-met-illinois-concealed-carry-whats-next-0709-2-20130710,0,4059241.full.story.

3

9. Thus, having been advised by the Seventh Circuit that no further stays of its mandate will be granted, the State of Illinois has arrogated to itself the power to issue its own stay for 270 days beyond the date authorized by that Court—which was yesterday, July 9, 2013.

10. In light of the Seventh Circuit's mandate directing this Court to enter a declaration of unconstitutionality and permanent injunction, and in light of the fact that the infringement of Second Amendment rights perpetrated by the State of Illinois's carry ban continues unabated, this Court is duty-bound to enter the relief requested by Plaintiffs forthwith. *See, e.g., Lindland v. U.S. Wrestling Ass'n Inc.*, 228 F.3d 782 (7th Cir. 2000) (per curiam) (granting petition for mandamus a single day after issuing mandate when district court declined to enter order directed by the mandate).

11. The State's proposed denial of Second Amendment rights for another 270 days is an unacceptable perpetuation of the State's adjudicated infringement of Ms. Shepard's and Illinois State Rifle Association members' Second Amendment rights.

12. No threat to public safety would ensue if this Court were to grant Plaintiffs' motion. As an initial matter, Illinois has long required an individual licensing process for those who wish to possess a firearm; this results in the issuance to the individual of a Firearms Owner Identification Card ("FOID card"). Thus, only those who have already been screened by the State of Illinois and who already possess valid FOID cards would be eligible to carry firearms in public.

13. Furthermore, Plaintiffs are not asking for an unfettered right to carry firearms in public; rather, they are requesting an injunction that would allow them to carry firearms in a manner consistent with the limits imposed by Section 65 of the Firearms Concealed Carry Act. *See* § 65 of the Act (restricting carriage, *e.g.*, in schools and child-care facilities and on public transportation). And the State may seek relief from the injunction pursuant to Rule 60(b) once

the permitting system created by the Act is fully operational with licenses being granted on a timely basis.

14.   Plaintiffs therefore respectfully move this Court adhere to the Seventh Circuit's mandate and to forthwith and no later than July 16, 2013 (i) declare the challenged laws barring the public carrying of firearms by law-abiding citizens unconstitutional, and (ii) enter a preliminary and/or permanent injunction barring said laws' enforcement against Ms. Shepard and members of the Illinois State Rifle Association for carrying firearms in a manner consistent with the limitations imposed by §65 of the Firearm Concealed Carry Act.

          Respectfully Submitted,

          **MARY E. SHEPARD and THE ILLINOIS STATE RIFLE ASSOCIATION,**
          Plaintiffs

          By:   s/ William N. Howard
               One of their attorneys

William N. Howard
**LOCKE LORD LLP**
111 S. Wacker Dr.
Chicago, Illinois  60606
Tel:  312-443-0333
Fax:  312-896-6433
*email: whoward@lockelord.com*

## CERTIFICATE OF SERVICE

The undersigned attorney states that he caused a true and correct copy of **Plaintiffs' Motion for Declaration of Unconstitutionality and Preliminary and/or Permanent Injunction,** to be served upon the parties of record, as shown below, via the Court's CM/ECF system on the **10th** day of **July, 2013**.

By: ___s/ William N. Howard___

## SERVICE LIST

Terence J. Corrigan
Illinois Attorney General's Office
500 S. Second St.
Springfield, IL 62706
Tel: (217) 782-5819
Fax: (217) 524-5091
tcorrigan@atg.state.il.us

Jonathan Lee Diesenhaus
Hogan Lovells LLP
555 13th Street, NW
Washington, DC 20004
Tel: 202-637-5416
Fax: 202-637-5910
jonathan.diesenhaus@hoganlovells.com

Karen L. McNaught
Illinois Attorney General's Office - Springfield
500 South Second Street
Springfield, IL 62706
217-782-1841
Fax: (217) 524-5091
kmcnaught@atg.state.il.us

Charles J Cooper
Cooper & Kirk PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202-220-9660
Fax: 202-220-9661
ccooper@cooperkirk.com

Joseph A. Bleyer
Bleyer & Bleyer
601 West Jackson
P.O. Box 487
Marion, IL 62959-0487
Tel: (618) 997-1331
jableyer@bleyerlaw.com

David A. Simpson
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-3419
dasimpson@atg.state.il.us

Karl Triebel
Illinois Attorney General's Office - Chicago 2
100 West Randolph Street
12th Floor
Chicago, IL 60601-3175
312-814-2391
Fax: 312-814-2253
ktriebel@atg.state.il.us