# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,** ) ) ) **Plaintiffs,** ) ) v. ) ) **LISA M. MADIGAN, solely in her official capacity as ATTORNEY GENERAL OF ILLINOIS, GOVERNOR PATRICK L. QUINN, solely in his official capacity as Governor of the State of Illinois, TYLER R. EDMONDS, solely in his official capacity as the State's Attorney of Union County, Illinois, and SHERIFF DAVID LIVESAY, solely in his official capacity as Sheriff of Union County,** ) ) ) ) ) ) ) ) ) ) ) ) ) **Defendants.** ) | **NO. 11-CV-405-WDS** |

**O R D E R**

**STIEHL, District Judge:**

On July 9, 2013, the Seventh Circuit Court of Appeals issued its mandate in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012) (See, Doc. 72). The mandate directs the Court to declare certain provisions of Illinois law, ILCS 5/24-1(a)(4) & (10) (Conceal Carry Law) and 720 ILCS 5/24-1.6 (possession and carrying a handgun), unconstitutional. In addition, the mandate of the Court of Appeals directs this Court to enter a preliminary and permanent injunction enjoining the defendants from enforcing these Illinois statutes. The Court of Appeals, as part of its ruling on the merits, stayed issuance of the mandate for a period of 180 days (with a later extension of the stay for an additional 30 days) to "allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as

interpreted in this opinion, on the carrying of guns in public." 702 F.3d at 942.

Within hours of the issuance of the mandate, the Illinois General Assembly passed the Firearm Concealed Carry Act (2013) providing for the issuance of permits for citizens of Illinois to carry concealed firearms.  As a result of the passage of the new law, the state defendants, Madigan, Quinn, and Edmonds, filed a joint motion to dismiss the cause of action for lack of jurisdiction (Doc. 73) asserting that this Court now lacks subject matter jurisdiction and that the plaintiffs' claims have been rendered moot.

On July 10, 2013, the plaintiffs filed a response to the motion to dismiss (Doc. 74), a motion for the Court to declare the Firearm Concealed Carry Act unconstitutional and to issue a preliminary or permanent injunction (Doc. 75), and a motion to expedite the briefing schedule on the above motion to declare unconstitutional (Doc. 76). Defendants Madigan, Quinn and Edmonds have now filed a response to the motion to expedite (Doc. 77) and defendant Sheriff Livesay has filed a motion to dismiss (Doc. 78) which is essentially the same as the motion which defendants Madigan, Quinn and Edmonds filed. Plaintiffs have, today, filed a response to Livesay's motion (Doc. 79).

Although it is the normal practice of this Court to promptly issue orders as directed by a mandate of the Court of Appeals, the status of this case is so unusual that the Court **FINDS** that additional briefings directed to the jurisdictional issues which have arisen as a result of the passage of the Firearm Concealed Carry Act after the issuance of the mandate would be of assistance to the Court.

Accordingly, the Court **GRANTS** the parties leave to file an additional brief addressing the following issues **ONLY**:

A. Whether the Court retains subject matter jurisdiction in light of the passage of the

    Firearm Concealed Carry Act? and/or,

  B. Whether any challenges to the constitutionality of the 2013 Firearm Concealed Carry Act must be raised in a separate lawsuit?

Any party which desires to file a brief on this matter shall do so on or before Noon, July 18, 2013.

**IT IS SO ORDERED.**

**DATE:**  **12 July, 2013**

           **/s/ WILLIAM D. STIEHL**
            **DISTRICT JUDGE**