NO. 13-2661

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,

*Plaintiffs-Appellants*,

v.

LISA M. MADIGAN, *et al.*,

*Defendants-Appellees*.

---

On Appeal from United States District Court
for the Southern District of Illinois
Civil Case No. 11-CV-405-WDS (Honorable William D. Stiehl)

---

**MOTION TO EXPEDITE EMERGENCY MOTION
FOR INJUNCTION PENDING APPEAL**

---

| | |
|---|---|
| William N. Howard | Charles J. Cooper |
| LOCKE LORD LLP | David H. Thompson |
| 111 South Wacker Drive | Peter A. Patterson |
| Chicago, Illinois  60606 | COOPER & KIRK, PLLC |
| (312) 443-0333 | 1523 New Hampshire Avenue, N.W. |
| (312) 896-6433 (Fax) | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | (202) 220-9601 (Fax) |

*Attorneys for Plaintiffs-Appellants*

Plaintiffs-Appellants Mary E. Shepard and the Illinois State Rifle Association ("Plaintiffs") move this Court to expedite briefing on their motion for an injunction pending appeal. In particular, Plaintiffs request that Defendants-Appellees' ("Defendants" or "the State") response be due by August 5, 2013 and that Plaintiffs reply be due by August 8, 2013. In support of their motion, Plaintiffs state as follows:

1.      On December 11, 2012, this Court held that the State of Illinois's "flat ban on carrying ready-to-use guns outside the home" violates the Second Amendment. *Moore v. Madigan*, 702 F.3d 933, 940 (7th Cir. 2012). This Court directed the district court to enter a declaration of unconstitutionality and an injunction against enforcement of the ban, but *sua sponte* stayed entry of its mandate for 180 days—later extended to 210 days at Defendants' request—to allow the State of Illinois time to rectify its violation of its citizens' Second Amendment rights. *Id*. at 942.

2.      This Court's mandate issued on July 9, 2013, and shortly thereafter the State of Illinois enacted the Firearm Concealed Carry Act, ("FCCA"), Pub. Act 098-0063 (Ill.), *available at* http://www.ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf. As explained more fully in Plaintiffs' motion for an injunction pending appeal, however, passage

1

of the FCCA has not alleviated the irreparable harm inflicted by Illinois's ban on carrying guns in public. Instead, the FCCA authorizes Illinois to continue inflicting that irreparable harm for up to 270 additional days by giving the Illinois State Police 180 days to make applications for carry licenses available to the public and another 90 days to process those applications once they are submitted. *See* FCCA, §§ 10(d)-(e). In the meantime, the laws against carrying firearms in public remain on the books and continue to be enforced, and Ms. Shepard and the members of the Illinois State Rifle Association continue to have no means by which they may lawfully exercise their fundamental right to carry firearms in public for their own protection.

3. Thus, on July 10, Plaintiffs filed a motion in the district court requesting that the court adhere to this Court's mandate by entering a declaration of unconstitutionality and an injunction against enforcement of the carry ban. *See* Doc. 75. But instead of following this Court's instructions, the court below granted the Defendants' request to dismiss the case as moot. *See* Doc. 73, 89. Plaintiffs have now appealed to this Court and seek entry of an injunction pending appeal.

4. Expedited consideration of Plaintiffs' motion for an injunction pending appeal is merited for several reasons. First, the issue presented by this appeal is a straightforward one. This Court has already held that Illinois's ban on

carrying firearms in public is unconstitutional. Thus, this appeal turns on the question whether Illinois has eliminated the injury caused by that ban by passing a law granting the State the right to continue enforcing it for another nine months without providing Illinois's law-abiding citizens with any lawful means of carrying firearms in public. This should not be a difficult question, and it should be answered in Plaintiffs' favor.

5.     Second, this Court has also already held that, when the government violates Second Amendment rights, "irreparable harm is presumed." *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011). This not only supports Plaintiffs' claim for an injunction pending appeal but also supports expediting consideration of their motion for an injunction. Indeed, the carry ban continues to inflict irreparable harm and "violates their Second Amendment rights every day it remains on the books." *Id.* at 698.

6.     Third, the parties have proven capable of briefing the principal issue presented by Plaintiffs' motion—whether the FCCA has mooted this case—with expedition. On July 9, 2013, within 30 minutes of enactment of the FCCA, the State filed its motion to dismiss the case as moot. *See* Doc. 73. On July 10, less than 24 hours later, Plaintiffs filed (1) their response to Defendants' motion to dismiss, Doc. 74; (2) their motion for a declaration of unconstitutionality and an injunction, Doc. 75; and (3) their motion to expedite briefing of that motion, Doc.

3

76. The next day, July 11, the State filed its response to Plaintiffs' motion to expedite.  Doc. 77.  On July 12, the district court called for supplemental briefs, Doc. 78, and six days later, on July 18, the parties complied by filing briefs, Doc. 86, 87.

7. Fourth, and relatedly, consideration of these issues should be fresh in the parties' minds.  Indeed, each of the submissions described in the previous paragraph was filed within the past three weeks.

8. For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion to expedite.  In particular, Plaintiffs request the Court to direct Defendants to respond to Plaintiffs' motion for an injunction pending appeal by August 5, 2013, and set the due date for Plaintiffs to reply for August 8, 2013.


Dated:  July 30, 2013

William N. Howard
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois   60606
(312) 443-0333
(312) 896-6433 (Fax)

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
David H. Thompson
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (Fax)

*Attorneys for Plaintiffs-Appellants*

4

# CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that not all participants in the case are CM/ECF users. I have caused the foregoing document to be mailed by First Class Mail, postage prepaid, to the following non-CM/ECF participant; I have also had an email including a copy of the foregoing document sent to this participant:

Terrence J. Corrigan
OFFICE OF THE ATTORNEY GENERAL
500 South Second Street
Springfield, IL 62706
tcorrigan@atg.state.il.us

                                        s/ Charles J. Cooper
                                        Charles J. Cooper
                                        *Attorney for Plaintiffs-Appellants*