# United States Court of Appeals
# for the Seventh Circuit

Settlement Conference Office
219 S. Dearborn Street - Room 1120
Chicago, Illinois  60604

**Joel N. Shapiro**
*Senior Conference Attorney*
joel_shapiro@ca7.uscourts.gov

**Rocco J. Spagna**
*Conference Attorney*
rocco_spagna@ca7.uscourts.gov

**Jillisa Brittan**
*Conference Attorney*
jillisa_brittan@ca7.uscourts.gov

Telephone: (312) 435-6883
Fax: 312-435-6888
www.ca7.uscourts.gov

### NOTICE OF RULE 33 CONFERENCE

August 5, 2013

### SEE SERVICE LIST

### RE:     MARY E. SHEPARD, et al. v. LISA MADIGAN, et al. - 13-2661

Dear Counsel:

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure and Circuit Rule 33, an appellate settlement conference has been scheduled in this case.  **The conference will be conducted by telephone on Friday, August 16, 2013, at 9:30 a.m.** *Central Time*.  **The call will be initiated by this office.**

Each party must be represented at the conference by the lawyer or lawyers on whose judgment the party will primarily rely in making settlement decisions. Clients are not required to attend this initial conference, but they are welcome to do so.  In the event your client does not attend, he or she is required to be available by telephone for the duration of the conference.  (In the case of a corporation, association, or public body, "client" means an officer or employee having the fullest possible settlement discretion.)  If a party is, or contends it is, insured for any of the claims at issue, an authorized representative of the insurer must also be available by telephone.  Since Rule 33 conferences often exceed two hours in length, participants are to schedule no other activities for the remainder of the morning.

The conference is expected take place at the scheduled date and time.  It will not be rescheduled unless an indispensable participant has an immovable preexisting commitment of such importance that his or her attendance is impossible.  You must notify the Settlement Conference Office of such a conflict immediately.  The conference will not be rescheduled on

short-notice.

 At the conference, be prepared to discuss the case in depth – your client's goals and interests, the pivotal legal issues, the evidence of record, and the damages or other relief being sought.  In advance of the conference, you are expected to provide your client with a copy of this notice and the accompanying information sheet, familiarize your client with conference procedures, help your client realistically assess his or her interests and the prospects of the case on appeal, and obtain as much settlement authority as feasible.

 To encourage full and frank discussion, all communications during this conference, and all further communications, oral and written, during the course of Rule 33 proceedings, are strictly confidential.  The content of Rule 33 communications is not to be disclosed to anyone other than the litigants and their counsel.  Nothing said by the participants, including the conference attorney, will be placed in the record or disclosed by this office to the Court.

 The briefing schedule will not be modified in conjunction with scheduling the Rule 33 Settlement Conference.  The scheduling of a Rule 33 conference does not relieve the parties of their obligation to comply in a timely manner with all other court filing requirements.  Until Rule 33 proceedings are concluded, counsel are directed to send the Settlement Conference Office copies of all papers they file with this Court.

 We look forward to working with you and your clients.

              The Settlement Conference Office


              Stephanie Jackson,
              Legal Assistant

**SERVICE LIST**

Charles J. Cooper, Esq.
COOPER & KIRK
1523 New Hampshire Avenue N.W.
Washington, DC 20036

William N. Howard, Esq.
LOCKE LORD LLP
45th Floor
111 S. Wacker Drive
Chicago, IL 60606-0000

Karl R. Triebel, Esq.
OFFICE OF THE ATTORNEY GENERAL
Civil Appeals Division
12th Floor
100 W. Randolph Street
State of Illinois Center
Chicago, IL 60601-0000

Joseph A. Bleyer, Esq.
BLEYER & BLEYER
601 W. Jackson
P.O. Box 487
Marion, IL 62959-0000

THE SETTLEMENT CONFERENCE PROGRAM
U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Pursuant to Rule 33 of the Federal Rules of Appellate Procedure  and Circuit Rule 33, the Court conducts conferences with counsel and clients to encourage and  facilitate the settlement of civil appeals. Rule 33 conferences are conducted in all types of fully-counseled civil appeals except immigration, social security, habeas corpus, prisoners' civil rights, sentencing, and mandamus cases.  The Court spontaneously notices most eligible appeals for Rule 33 conferences.  Attorneys  for one or more parties may also request that a conference be conducted in any eligible case.

Counsel and clients are well-advised to explore opportunities for settlement at the appellate level.  Regardless of how unlikely it may seem, the fact is that many cases can be settled at this stage, substituting a certain and acceptable outcome for the risk and expense of further litigation.  The Court's Settlement Conference Office has assisted counsel in settling many appeals without unduly delaying the progress of those appeals which do not yield to settlement efforts.  The following information is intended to assist practitioners and their clients in understanding how the Seventh Circuit's settlement conference program works and how they can make the best use of it to achieve favorable results.

- **How do counsel learn that a Rule 33 conference will be conducted in their appeal?**  A Notice of Rule 33 Settlement Conference is posted on the docket.  The Notice is an order of the Court advising counsel of the date and time of the conference, whether it is to be in person or by telephone, and how they and their clients are expected to prepare.

- **How can a Rule 33 conference be requested?**  Counsel are invited to request a Rule 33 conference by contacting the Settlement Conference  Office,  U.S. Court of Appeals for the Seventh Circuit, 219 S. Dearborn, Room 1120, Chicago, Illinois 60604-1705 (Tel. (312) 435-6883/Fax (312) 435-6888/E-mail: settlement@ca7.uscourts.gov).  At the request of any party or parties in an eligible appeal, the Settlement Conference Office will schedule a Rule 33 conference if its calendar permits.  Counsel are then advised by notice that a conference will be held.

- **Do other parties have to be informed that a conference was requested?**  No.  If a party prefers to keep its request confidential, the Settlement Conference Office will not disclose to other parties or to the Court that the conference was requested.

- **Is participation in Rule 33 conferences optional?** No. When a Rule 33 conference is scheduled,  participation is mandatory.

- **Are clients required to attend?**   Clients and  insurance representatives are required to attend Rule 33 conferences whenever the Settlement Conference Office so directs.  When clients or insurance representatives have not been directed to attend the initial conference, they must be available by phone  - with full settlement authority - for the duration of the conference.

- **Is it mandatory to settle?**  No.  Whether to settle is ultimately for the parties and their counsel to decide.  However, counsel and parties are required to participate with the utmost diligence and good faith.  Experience shows that settlements can often be achieved when neither side thought it possible.

- **Who conducts Rule 33 conferences?**  The Court has delegated the responsibility for conducting Rule 33 conferences to three full-time conference attorneys:  Joel N. Shapiro, Rocco J. Spagna, and Jillisa Brittan.  All were civil litigators in private practice prior to their appointment by the Court.

- **Is there a fee for the services of the conference attorney?**  No.  The assistance of the Settlement Conference Office is available to appellate litigants at no charge.

- **Must each party's lead attorney attend the Rule 33 conference?**  Yes.  It is essential that each party be represented at the Rule 33 conference by an attorney who not only is conversant with the case but is the attorney on whose advice the party relies.  If more than one attorney meets these criteria, either of them may represent the client in the Rule 33

- **How is it decided whether a Rule 33 conference will be conducted by telephone or in person?** When all participants reside in the Chicago metropolitan area, Rule 33 conferences are usually held in the Settlement Conference Office at the United States Courthouse. Otherwise, conferences are generally conducted by telephone. The telephone equipment used in these conferences can accommodate more than a dozen separate lines and enables the conference attorney to speak privately with any combination of participants. Experience indicates that telephone conferences are generally as effective as in-person conferences in fostering settlements.

- **Are in-person conferences ever held outside Chicago?** Because the resources of the settlement conference program are limited, in-person conferences cannot routinely be held throughout the Circuit. However, from time to time in-person conferences are conducted at locations other than Chicago. If the participants believe that an in-person conference outside Chicago would be more productive than a conference by telephone, they are welcome to suggest it.

- **Are Rule 33 conferences confidential?** Yes. The Court requires all participants to keep what is said in these conferences strictly confidential. Communications, oral and written, which take place in the course of Rule 33 proceedings may not be disclosed to anyone other than the litigants, their counsel, and the conference attorney.

- **Do judges of the Court of Appeals learn what has happened at a Rule 33 conference?** No. Participants in Rule 33 conferences, including the conference attorney, are forbidden to impart to any judge or other court personnel, in the Court of Appeals or elsewhere, what has been communicated in these conferences.

- **What occurs at a Rule 33 conference?** Rule 33 conferences are official proceedings of the Court but are off-the-record and relatively informal. Discussion is conversational rather than argumentative. The focus is on realistically assessing the prospects of the appeal, the risks and costs of further litigation, the interests of the parties, and the benefits each side can gain through settlement. The conference attorney ordinarily meets with counsel both together and separately. Settlement proposals are discussed. A resolution may or may not be reached during the initial conference. Often, follow-up conferences or _shuttle_ negotiations are conducted. Letters or draft proposals may be exchanged. By the conclusion of the Rule 33 process, the parties will have either reached an agreement to settle or learned how far apart they are and what are the remaining obstacles to settlement.

- **Is discussion of settlement limited to the appeal itself?** Not necessarily. If settlement of the appeal will not dispose of the entire case, or if related litigation is pending in other forums, the parties are invited and encouraged to explore the possibility of a global settlement.

- **Is briefing deferred when a Notice of Rule 33 Conference is issued?** Briefing is usually postponed until after the initial conference. If further modification of the briefing schedule would be conducive to settlement, an order to that effect may later be entered.

- **What preparation is required of counsel?** In preparation for the initial Rule 33 conference, attorneys are required to consult rigorously with their clients and obtain as much authority as feasible to settle the case. Counsel must also review their legal and factual contentions with a view to being able to discuss candidly the prospects of the appeal and the case as a whole. If the conference attorney requests copies of pleadings, hearing transcripts, or other material in anticipation of the conference, counsel are expected to provide it promptly.

- **What is the role of the conference attorney?** Because the format of Rule 33 conferences is flexible and each appeal is dealt with on its own terms, the conference attorney plays a variety of roles. He or she acts as moderator, facilitator, and intermediary. The conference attorney serves as a neutral evaluator and a reality check. He or she may suggest terms of settlement. Without being coercive, the conference attorney acts as a determined advocate for settlement.

- **What can counsel expect of the conference attorney?** Before the initial conference, the conference attorney will have familiarized him or herself with the history of the litigation, the posture of the case, and the issues on appeal. During the conference, the conference attorney will seek additional information about the background of the dispute and the

parties' interests, claims and defenses in order to explore all possibilities for a voluntary resolution. The conference attorney is strictly impartial. He or she does not advocate for any party and avoids making comments that could advantage one side or another in arguing the issues on appeal. The conference attorney will disclose any affiliation or prior representation of which he or she is aware that could call his or her neutrality into question. The conference attorney does not force any party to settle or to accept terms it is not willing to accept. While he or she urges parties to take advantage of opportunities to settle favorably, the conference attorney recognizes that settlement is not always possible.

- **How can counsel make best use of the Rule 33 conference to benefit their clients?** Recognize that the Rule 33 conference is an opportunity to achieve a favorable outcome for your client. Without laying aside the advocate's responsibility, approach the conference as essentially cooperative rather than adversarial. Help your client make settlement decisions based not on overconfidence or wishful thinking, but on a realistic assessment of the case; not on emotion, however justified it may be, but on rational self-interest. Suggest terms of settlement that maximize the benefits of settlement for all parties. Take advantage of the opportunity to talk confidentially and constructively with counsel for the other parties and, if clients are present, to address them respectfully but convincingly. Let the conference attorney know how he or she can help you obtain a satisfactory resolution. Be candid. Don't posture. Listen closely to what other participants have to say. Give the process a chance to work.