No. 13-2661

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,

*Plaintiffs-Appellants*,

v.

LISA M. MADIGAN, *et al.*,

*Defendants-Appellees*.

---

On Appeal from United States District Court
for the Southern District of Illinois
Civil Case No. 11-CV-405-WDS (Honorable William D. Stiehl)

---

**PLAINTIFFS-APPELLANTS' STATEMENT OF THE CASE**

---

| | |
|---|---|
| William N. Howard | Charles J. Cooper |
| LOCKE LORD LLP | David H. Thompson |
| 111 South Wacker Drive | Peter A. Patterson |
| Chicago, Illinois 60606 | COOPER & KIRK, PLLC |
| (312) 443-0333 | 1523 New Hampshire Avenue, N.W. |
| (312) 896-6433 (Fax) | Washington, D.C. 20036 |
| | (202) 220-9600 |
| | (202) 220-9601 (Fax) |

*Attorneys for Plaintiffs-Appellants*

**STATEMENT OF THE CASE**

Until this Court's decision in *Moore v. Madigan*, 702 F.3d 933 (7th Cir. 2012), Illinois was the only State in the Union that forbade law-abiding citizens from carrying firearms in public for self-defense. Provisions of two Illinois criminal statutes—720 ILCS 5/24-1(a)(4)&(10) (the "Unlawful Use of Weapons" or "UUW" law) and 720 ILCS 5/24-1.6(a)(3)(A)-(B) (the "Aggravated Unlawful Use of a Weapon" or "AUUW" law) (collectively, the "Illinois Gun Carry Ban") —ban the carrying of firearms in public by law-abiding citizens who are otherwise qualified by Illinois law to possess firearms.

Mary Shepard is 73-years-old and was savagely beaten while working at the First Baptist Church in Union County, Illinois in 2009. Shepard Decl., Doc. 39-1, ¶¶ 11-15. It is undisputed that Ms. Shepard: (i) possesses an Illinois Firearm Ownership Identification Card ("FOID card"), authorizing her to own a firearm; (ii) has no criminal record; (iii) has taken at least five courses in firearms safety and training; and (iv) is already licensed to carry a firearm in Pennsylvania and Florida. *See id.* ¶¶ 3-8. Yet Illinois law does not permit her to carry a firearm in public for her own protection. The Illinois State Rifle Association has many members who are legally qualified to possess firearms in Illinois and who would carry firearms for self-defense in public but for the Illinois Gun Carry Ban. Moran Decl., Doc. 39-2, ¶ 5.

Plaintiffs filed this action in the Southern District of Illinois on May 13, 2011, contending that the Illinois Gun Carry Ban violated the Second Amendment, as incorporated against the states by the Fourteenth Amendment.  Doc. 2.  The Defendants, Appellees in this Court, are Attorney General Lisa M. Madigan, Governor Patrick J. Quinn, Union County State's Attorney Tyler R. Edmonds, and Union County Sheriff David Livesay, and all are sued in their official capacities.[1] The district court below dismissed Plaintiffs' claims and they timely filed an appeal to this Court.  *See* Docs. 57, 58.  That appeal was consolidated with a similar suit, *Moore v. Madigan*, pending in the Central District of Illinois, and this Court issued a consolidated opinion on *Shepard* and *Moore* on December 11, 2012.

The Court held that Illinois's "flat ban on carrying ready-to-use guns outside the home" categorically violates the fundamental Second Amendment right to bear arms.  *Moore*, 702 F.3d at 940.  The Court therefore ruled that the two Illinois criminal statutes, the UUW and AUUW, were unconstitutional and remanded the case to the district court "for the entry of declarations of unconstitutionality and permanent injunctions."  *Id.* at 942.  However, the Court, exercising extraordinary forbearance, *sua sponte* stayed its mandate for 180 days to allow the State of

---

[1] Although Defendant Livesay is not represented by the same counsel as the other Defendants and has filed his own papers in this litigation, with respect to the matters at issue in this appeal he has adopted their arguments as his own.  *See* Docs. 78, 88.  Plaintiffs thus make no distinction between Defendant Livesay and the other Defendants in their briefing to this Court.

Illinois to establish a licensing regime that would allow the public carrying of firearms consistent with Second Amendment rights. *Id.*

Illinois, however, did not meet this deadline. On June 3, 2013, a week before the stay was to expire, the State petitioned this Court to extend the stay of its mandate for another thirty days. The Court granted that request but warned that "[n]o further extensions to stay the court's mandate will be granted." Order, *Shepard v. Madigan*, No. 12-1788 (7th Cir. June 4, 2013), ECF No. 76. Accordingly, this Court issued its mandate on July 9, 2013, "when no law had yet been passed" by Illinois, as the district court below acknowledged. Doc. 89 at 3.

Later that day, Illinois enacted the Firearm Concealed Carry Act ("FCCA"), Pub. Act 098-0063 (Ill.).[2] The FCCA does not repeal the Illinois Gun Carry Ban but rather amends Illinois law to provide that the ban shall not apply to an individual who has been issued a license under the FCCA.

In particular, Section 155 of the FCCA enacts a new provision of law that provides that the challenged provisions of the UUW (720 ILCS 5/24-1(a)(4)&(10)) "do not apply to or affect any person carrying a concealed pistol, revolver, or handgun and the person has been issued a currently valid license under the Firearm Concealed Carry Act at the time of the commission of the offense." Section 155 also amends the challenged provisions of the AUUW (720 ILCS 5-24-

---

[2] *Available at* http://www.ilga.gov/legislation/publicacts/98/PDF/098-0063.pdf.

1.6(a)(3)(A)-(B)) to similar effect.  Following enactment of the FCCA, the challenged "aggravating" factors read as follows (underlined language is material added by the FCCA):

> (A) the firearm, <u>other than a pistol, revolver, or handgun,</u> possessed was uncased, loaded<u>,</u> and immediately accessible at the time of the offense; or
>
> <u>(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act;</u> or
>
> (B) the firearm, <u>other than a pistol, revolver, or handgun,</u> possessed was uncased, unloaded<u>,</u> and the ammunition for the weapon was immediately accessible at the time of the offense; or
>
> <u>(B-5) the pistol, revolver, or handgun possessed was uncased, unloaded, and the ammunition for the weapon was immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act</u> . . . .

Crucially, however, the FCCA provides the Illinois State Police (the "ISP") with up to *180 days* to make license application forms available and up to *another 90 days* to process submitted applications.  *See* FCCA, §§ 10(d)-(e).  Thus, even assuming the ISP meets these statutory deadlines,[3] the State's unconstitutional "flat ban on carrying ready-to-use guns outside the home," *Moore*, 702 F.3d at 940, may effectively remain in place for up to *another 270 days* from July 9, 2013—or until

---

[3] *But see, e.g.*, Mike Danahey, *Gun Owner ID Card Wait More Than Two Months*, CHI. SUN-TIMES, Mar. 27, 2013, 2013 WLNR 7498109 (reporting delays well beyond the 30-day statutory time limit in processing FOID cards).

April 5, 2014.  (It is undisputed that the ISP has not made application forms available or started processing applications.)  Thus, mere passage of the FCCA did nothing to change the fact that Plaintiffs continue to be categorically prohibited from carrying firearms in public to defend themselves.[4]

Indeed, ISP has warned the citizens of Illinois that it will "continue to enforce the law in effect" and that, under that law, "citizens cannot lawfully carry concealed weapons without a valid Illinois Concealed Carry License.  Citizens who carry loaded firearms without a Concealed Carry License issued by the ISP are subject to arrest."  *Concealed Carry Frequently Asked Questions*, ISP, http://www.isp.state.il.us/firearms/ccw/ccw-faq.cfm.  But, as the ISP admits, Carry License applications are not available and licenses may not begin to issue until April of next year.  *Id.*  ("The ISP will make applications available to the public by January 5, 2014. . . .  Upon receipt of a qualified application, the ISP shall issue or deny the applicant an Illinois Concealed Carry License within 90 days . . . .").

In sum, ISP

> officials have 180 days—roughly six months—to create an application process.  Once they begin accepting applications, [ISP spokeswoman Monique] Bond said it will take them about 90 days to process and

---

[4] When describing the effects of Illinois's laws on "Plaintiffs," we intend to include the effects on the members of the Illinois State Rifle Association on whose behalf the organization brings this action.

screen the first round of applications and begin issuing permits.  *Until then, the ban on concealed carry will remain officially in effect.*[5]

Within 30 minutes of the FCCA's enactment, the State filed a motion in the court below to dismiss Plaintiffs' case as moot.  Doc. 73.  Less than 24 hours after that, Plaintiffs filed their response describing the continuing enforcement by Illinois of the UUW and the AUUW and hence the continuing violation of—and consequent Article III controversy about—Plaintiffs' Second Amendment rights.  Doc. 74.  Plaintiffs also filed their motion asking the district court to issue the declaratory and injunctive relief expressly mandated by this Court.  Doc. 75.

In their motion seeking the relief mandated by this Court, Plaintiffs respectfully pointed out that the district court was duty-bound to enter forthwith the relief specified in the Seventh Circuit's mandate.  *Id.* at 4.  Plaintiffs also pointed out that under this Court's decisions the unconstitutional Gun Carry Ban "constitutes 'a fixed harm' " to law-abiding citizens of Illinois and inflicts irreparable injury upon them " 'every day it remains on the books.' "  *Id*. at 2 (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 698, 699 (7th Cir. 2011)).

On this basis, Plaintiffs protested the perpetuation of the State's infringement of their Second Amendment rights.  *Id*. at 2-3.  Plaintiffs explained that no plausible threat to public safety existed in this context because only those

---

[5] David Heinzmann *et al*., *How Gun Law Works*, CHICAGO TRIBUNE, July 9, 2013 (emphasis added), *available at* http://www.chicagotribune.com/news/local/ct-met-illinois-concealed-carry-whats-next-0709-2-20130710,0,4059241,full.story.

individuals who have already been screened by the ISP and issued a FOID card would be eligible to carry firearms in public. *Id.* at 4. Plaintiffs further explained that effectuating this Court's mandate would not create an unfettered right to carry firearms in public; rather, Plaintiffs requested an injunction that would allow Ms. Shepard and members of the Illinois State Rifle Association to carry firearms in a manner consistent with the limits set forth in Section 65 of the FCCA. *See id.* at 4; *see also* FCCA, § 65 (barring the carrying of firearms, *e.g.*, in schools and child-care facilities and on public transportation).

Plaintiffs requested expedited treatment of their motion. *See* Doc. 76. On July 12, after the State responded to this request, the district court entered an order acknowledging that the "mandate directs the Court to declare certain provisions of Illinois law, ILCS 5/24-1(a)(4) & (10) . . . and 720 ILCS 5/24-1.6 . . . , unconstitutional. In addition, the mandate of the Court of Appeals directs this Court to enter a preliminary and permanent injunction enjoining the defendants from enforcing these Illinois statutes." Doc. 81 at 1. The district court also acknowledged that "it is the normal practice of this Court to promptly issue orders as directed by a mandate of the Court of Appeals . . . ." *Id*. at 2. But instead of following this normal practice, the district court invited the parties to file "additional briefings directed to the jurisdictional issues which have arisen as a result of the passage of the [FCCA] after the issuance of the mandate," and to do so

7

"on or before Noon, July 18, 2013." *Id.* at 2-3. On July 18, the parties filed their additional briefs as requested by the district court. *See* Docs. 86, 87.

On July 26, the district court entered an order granting the State's motion to dismiss and denying Plaintiffs' motion for declaratory and injunctive relief. Doc. 89. In reaching this conclusion, the court below acknowledged: (i) that "[t]he Seventh Circuit determined in *Moore* . . . that the then-controlling Illinois laws . . . were unconstitutional," Doc. 89 at 2; (ii) that this Court held that the "State of Illinois had failed to meet its required showing that . . . 'its uniquely sweeping ban is justified by an increase in public safety,' " *id*. at 3 (quoting *Moore*); (iii) that the FCCA authorizes the ISP to delay issuing even a single carry permit for as long as nine more months, *id*. at 4-5, 9; (iv) that "[a]lthough the licensing scheme is not yet completed," the FCCA will someday in the future "permit the plaintiffs to apply for" a permit, *id*. at 7, 9; and finally, (v) that until the "permitting process is completed," *id.* at 9, *the existing, unrepealed Illinois laws that are still being enforced criminalize carrying firearms in public*.

Thus, the district court below dismissed Plaintiffs' claims as moot on the basis of the FCCA—while nonetheless conceding that Plaintiffs' constitutional rights continue to be violated every day by the UUW and AUUW statutes that this Court unambiguously ordered the district court to enjoin.

On July 29, 2013, Plaintiffs timely noticed their appeal to this Court. Doc. 91. Plaintiffs seek reversal of the district court's order and a remand instructing the district court forthwith to enter the declaratory and injunctive relief they are entitled to under this Court's decision in *Moore*.

| | |
|---|---|
| Dated: August 5, 2013 | Respectfully submitted, |
| William N. Howard<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 443-0333<br>(312) 896-6433 (Fax) | s/ Charles J. Cooper<br>Charles J. Cooper<br>David H. Thompson<br>Peter A. Patterson<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>(202) 220-9600<br>(202) 220-9601 (Fax) |

*Attorneys for Plaintiffs-Appellants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Charles J. Cooper
Charles J. Cooper
