No. 13-2661

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

MARY E. SHEPARD and the ILLINOIS STATE RIFLE ASSOCIATION,

*Plaintiffs-Appellants*,

v.

LISA M. MADIGAN, *et al.*,

*Defendants-Appellees*.

On Appeal from United States District Court
for the Southern District of Illinois
Civil Case No. 11-CV-405-WDS (Honorable William D. Stiehl)

**PLAINTIFFS-APPELLANTS' JURISDICTIONAL STATEMENT**

William N. Howard
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0333
(312) 896-6433 (Fax)

Charles J. Cooper
David H. Thompson
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (Fax)

*Attorneys for Plaintiffs-Appellants*

**JURISDICTIONAL STATEMENT**

Plaintiffs' suit successfully challenged Illinois laws that prohibit carrying firearms for self-defense, and this Court ordered entry of declaratory and injunctive relief barring enforcement of those laws. Plaintiffs' challenge to these laws was not mooted by the State's passage of the Firearm Concealed Carry Act, and Plaintiffs' suit continues to present a justiciable case or controversy under Article III of the Constitution. *See* Pls.' Emergency Mot. for Inj. Pending Appeal at 9-17. The district court had subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claim arises under federal law. *See* 42 U.S.C. § 1983; U.S. CONST. amends. II & XIV; 28 U.S.C. §§ 2201 & 2202.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The appeal is from a final decision that disposes of all claims by dismissing the action on mootness grounds. Although the district court did not enter a separate document setting forth its judgment pursuant to Federal Rule of Civil Procedure 58, the district court's order is an appealable final decision because it "terminate[s] the action in its entirety" and does not contemplate "amendment of the complaint and continuation of the action." *Luevano v. Wal-Mart Stores, Inc.*, __ F.3d __, 2013 WL 3599156, at *4 (7th Cir. 2013). Indeed, the district court's order "**DISMISSES** the plaintiffs' complaint for lack of subject matter jurisdiction and **DIRECTS** the Clerk of the Court *to administratively close this case*." Doc. 89 at

10 (last emphasis added). And rather than indicating that Plaintiffs' could amend their complaint, the district court's order states that Plaintiffs' claims "must be raised *in a new lawsuit.*" *Id.* at 9 (emphasis added). Further, the district court's directive for the parties to "brief the issue of the award of costs and fees within fourteen (14) days of the date of" the order, *id.* at 10-11, is consistent with Federal Rule of Civil Procedure 54, which provides as a default that a claim for attorneys' fees must "be filed no later than 14 days *after the entry of judgment*," FED. R. CIV. P. 54(d)(2)(B)(i) (emphasis added).

In the alternative, if the district court's order is not a final decision, this Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). In addition to dismissing the case, the district court's order "refus[es]" Plaintiffs' request for injunctive relief. 28 U.S.C. § 1292(a)(1); *Holmes v. Fisher*, 854 F.2d 229, 231 (7th Cir. 1988) ("[A]ll interlocutory orders denying injunctions are appealable."). And because this refusal is "inextricably bound" to the district court's decision to dismiss the case on mootness grounds, this Court's jurisdiction extends to this latter issue as well. *Schirmer v. Nagode*, 621 F.3d 581, 584 (7th Cir. 2010).

The district court entered its order on July 26, 2013. Plaintiffs timely noticed this appeal on July 29, 2013. *See* FED. R. APP. P. 4(a)(1)(A).

Dated: August 5, 2013

William N. Howard
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
(312) 443-0333
(312) 896-6433 (Fax)

Respectfully submitted,

s/ Charles J. Cooper
Charles J. Cooper
David H. Thompson
Peter A. Patterson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (Fax)

*Attorneys for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Charles J. Cooper<br>
Charles J. Cooper