# Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

Charles J. Cooper
ccooper@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

October 14, 2013

**VIA ELECTRONIC FILING**
Gino J. Agnello, Clerk
United States Court of Appeals
  for the Seventh Circuit
219 South Dearborn Street
Chicago, Illinois 60604

Re:    *Shepard v. Madigan*, No. 13-2661, argued on October 3, 2013.

Dear Mr. Agnello:

Pursuant to FRAP 28(j) and Circuit Rule 28(e), Plaintiffs-Appellants Mary Shepard and the Illinois State Rifle Association advise the Court of the district court's Opinion in *Moore v. Madigan*, No. 3:11-cv-3134-SEM-BGC (C.D. Ill. Oct. 9. 2013), ECF No. 57.

At issue in this appeal is whether enactment of the Firearm Concealed Carry Act ("FCCA"), Pub. Act 098-0063 (Ill.), mooted Plaintiffs-Appellants' challenge to the "flat ban on carrying ready-to-use guns outside the home" that this Court held unconstitutional in *Moore v. Madigan*. 702 F.3d 933, 940, 942 (7th Cir. 2012).

This Court's decision in *Moore* addressed two consolidated cases: Plaintiffs-Appellants' case and the *Moore* case from the Central District of Illinois. On July 9, 2013, after this Court's mandate issued, Illinois enacted the FCCA. The FCCA establishes a system to eventually allow qualified individuals to obtain a license to carry a concealed handgun in public. Under the FCCA, however, the Illinois State Police is not required to issue carry licenses until April 2014. *See* 430 ILCS 66/10(d)-(e).

After the FCCA's enactment, the State filed motions to dismiss on mootness grounds in both this case and *Moore*. The district court in this case granted the motion in the decision presently before this Court. On October 9, however, the district court in *Moore* denied the State's motion.

"The plain language" of the FCCA, the court reasoned, "demonstrates the legislature's intent to continue enforcement of the [challenged] statutes if an individual does not have a valid license under the [FCCA] . . . ." Opinion 17-18. But, "as of yet, no procedures are in place for qualified individuals to apply for and obtain a valid concealed carry license under the [FCCA]. As a result, not one person has received the relief Plaintiffs sought in the Amended Complaint,

Case: 13-2661    Document: 39-1    Filed: 10/14/2013    Pages: 3

Cooper & Kirk
Lawyers

Gino J. Agnello, Clerk
October 14, 2013
Page 2 of 3

namely, an opportunity to carry a concealed or partially concealed firearm outside of the home." *Id*. 22.  For these and other reasons, the *Moore* court held that the case is not moot.

This reasoning supports Plaintiffs' argument that this case is not moot.  *See, e.g.*, Pls. Br. 2-4, 11; Pls. Reply 1-4.

Sincerely,

s/ Charles J. Cooper
Charles J. Cooper
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Plaintiffs-Appellants Mary Shepard and Illinois State Rifle Association*

Gino J. Agnello, Clerk
October 14, 2013
Page 3 of 3

## CERTIFICATE OF SERVICE

      I hereby certify that on October 14, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                       s/ Charles J. Cooper
                                                       Charles J. Cooper